45   201
68   348

## HOFF v. WEST JERSEY RAILROAD COMPANY.

If a railroad company use upon its engine a spark-arrester of an approved pattern in general use, and which, upon a careful inspection by a skilled mechanic, appeared to be in good condition, such company will not be responsible for damage done by a fire occasioned by sparks escaping through such spark-arrester.

------

On rule to show cause why a new trial should not be granted.

The suit was brought against the West Jersey Railroad Company for damages by fire, alleged to have been communicated by sparks from one of the locomotives of the defendant. On the trial below a verdict was rendered for the plaintiff.

Argued at February Term, 1883, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL, KNAPP and PARKER.

For the rule, *Peter L. Voorhees.*

*Contra, Mr. Richards,* of New York.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.    There must be a new trial in this case.    The entire proceedings show that the real point on which a proper decision hinges has not been fairly passed upon by the jury.    Waiving the question as to the origin of the fire, and on the assumption that it was properly ascribed by the jury to the defendant's agency, the substantial inquiry, then, was as to the alleged negligence of the defendant touching two matters : First, with respect to the style of the screen, against the escape of sparks, used on its locomotives ; and, second, whether such screen was in good order on the day in question.    With regard to the latter point, the evidence was altogether in favor of the defendant.    Indeed, with the exception of mere theory, there was nothing to gainsay such evidence.    The verdict founded on the ground of a want of care of the defendant in this particular, should not be allowed to stand.

Touching the former proposition, with respect to the style of the fire-arrester, it appears to be clear that it was not considered in a proper light by the jury.    It is manifest, from the entire state of the case, that the question that was, on this head, tried by the jury had nothing to do with the inquiry whether the defendant had or had not been careless in this regard.    The only rational deduction to be made from the papers before the court is, that the jury considered and decided the question simply whether the spark-arrester, to the insufficiency of which the fire was attributed, was as good a spark-arrester as certain others which the defendant had in use.    This may have really been the case, and yet it does not thereby inevitably follow that the defendant is responsible for the damages occasioned by this fire.    Both kinds of screens in question appear to have been in common use, and if, after the exercise of due care and skill, the defendant had adopted

them both, in the conviction that they were equally good, or that it was uncertain which was the better, an error in a careful judgment of that kind would not have made the defendant liable for the consequences of such error. The law does not give immunity in these matters only on the ground that in the selection of its instruments an infallible judgment shall be exercised. There is no breach of duty on the part of the company if, in the choice of such an instrument as the one in question, it selects one which is in common use, and which has been approved by experience, although it may appear that there is some new invention which has been but partly tried in practice, but which, it may be, will supersede the contrivance adopted.